**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

OWNERS INSURANCE COMPANY,

      Plaintiff,

v.                                   Case No: 8:13-cv-1929-T-30MAP

SHAMBLIN AND SHAMBLIN
BUILDERS, INC. and FLORIDA FARM
BUREAU CASUALTY INSURANCE
COMPANY,

      Defendants.

_____

**<u>ORDER</u>**

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Entry of a Final Declaratory Default Judgment against Defendant Shamblin and Shamblin Builder's Inc. (Dkt. #13) and Defendant Florida Farm Bureau Casualty Insurance Company's Motion to Delay Entry of Final Judgment against Shamblin and Shamblin Builders (Dkt. #14). Upon review and consideration, it is the Court's conclusion that Defendant's Motion should be granted.

*Background*

Owners Insurance Company ("Owners") filed a complaint for declaratory judgment against Shamblin and Shamblin Builders, Inc. f/k/a Ken Shamblin Builders, Inc. ("Shamblin") and Florida Farm Bureau Casualty Insurance Company as Subrogee

for Richard Stanaland ("Florida Farm"). Owners seeks a declaration that it owes no duty to defend or indemnify its insured, Shamblin, in connection with the underlying lawsuit styled *Florida Farm Bureau v. Ken Shamblin Builders, Inc*., Hillsborough County Case No.: 12-CA-18154.

Shamblin filed a *pro se* Answer to the Complaint, through its "representative" Ken Shamblin. Plaintiff moved to strike the Answer pursuant to Local Rule 2.03(e), of the Middle District of Florida which requires a corporation to appear and be heard only through counsel admitted to practice in the Court pursuant to Local Rule 2.01 and Rule 2.02. This Court's September 6, 2013 Order struck the Answer and granted Shamblin thirty days to file an appropriate answer, which it failed to do.

### *Discussion*

As an initial matter the Clerk has not entered a default in this case. However, Shamblin is in default for failure to file a responsive pleading to the Complaint pursuant to this Court's September 6, 2013 Order.  But the entry of a default does not necessarily require the court to enter a default judgment. *DIRECTV, Inc. v. Trawick*, 359 F.Supp. 2d 1204, 1206 (M.D.Ala. 2005). To enter a judgment, pursuant to Fed. R. Civ. P. 55(b), there must be sufficient basis in the pleadings to support the relief sought. *Id*. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his

liability and of the plaintiff's right to recover." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

When there are multiple defendants, the court must consider whether it may be more prudent, under the circumstances, to delay entering a default judgment against only one of the defendants. *N. Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.,* 6:12-CV-476-ORL-31, 2012 WL 5378826 (M.D.Fla. 2012) *report and recommendation adopted,* 6:12-CV-476-ORL-31, 2012 WL 5378740 (M.D.Fla. 2012) *citing Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D.Mich. 2000) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants."). *See also Armstrong v. Martin Marietta Corp.*, 93 F.3d 1505, 1509 (11th Cir. 1996) *on reh'g en banc*, 138 F.3d 1374 (11th Cir. 1998) ("[a]lthough rule 54(b) permits the court, upon a party's motion for entry of final judgment, to direct final judgment as to one or more but fewer than all the parties in a class action where 'no just reason for delay exists,' the court is not required to enter final judgment in an action involving multiple parties.")

It is not an uncommon practice in this Circuit to delay the entry of a final default judgment in situations where an insurer seeks a declaration that it has no duty to defend or indemnify the defaulting defendant and the other non-defaulting defendants contest the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

insurer's allegations. *See e.g. N. Pointe Ins. Co.*, 2012 WL 5378740; *Essex Ins. Co. v. Moore*, No. 6:11–cv–515–ORL–19, 2011 WL 3235685 (M.D.Fla. 2011).  The entry of judgment now would be improper given the circumstances of this case and the pendency of the action against the multiple co-defendants as it raises the risk of inconsistent verdicts.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Entry of a Final Declaratory Default Judgment against Defendant Shamblin and Shamblin Builder's Inc. (Dkt. #13) is DENIED WITHOUT PREJUDICE to be reasserted, to the extent appropriate, when this case becomes ripe for final resolution.

2. Defendant Florida Farm Bureau Casualty Insurance Company's Motion to Delay Entry of Final Default Judgment against Shamblin and Shamblin Builders (Dkt. # 14) is GRANTED.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of November, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-1929 default 13 and delay 14.docx