**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

OWNERS INSURANCE COMPANY,

    Plaintiff,

v.                                                Case No: 8:13-cv-1929-T-30MAP

SHAMBLIN AND SHAMBLIN
BUILDERS, INC. *et. al.*,

    Defendants.

_____

**<u>ORDER</u>**

THIS CAUSE comes before the Court upon the Defendant Florida Farm Bureau Casualty Insurance Company as Subrogee of Richard Stanaland's Motion to Stay and/or Abate Pending Resolution of the Underlying Tort Action and Incorporated Memorandum of Law (Dkt. #18) and Plaintiff's Response to the Motion (Dkt. #19). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

This case is a declaratory judgment action regarding Plaintiff Owners Insurance Company's ("Owners") rights and obligations to its named insured, Defendant Shamblin and Shamblin Builder's Inc. f/k/a Ken Shamblin Builder's Inc. ("Shamblin"). Shamblin obtained a Commercial General Liability policy through Owners. Defendant Florida Farm Bureau Casualty Insurance Company as Subrogee of Richard Stanaland ("Florida Farm") is the plaintiff in the underlying complaint styled *Florida Farm Bureau v. Ken Shamblin Builders, Inc.,* Hillsborough County Case No.: 12-CA-18154 seeking remedies for

negligence and resulting property damage arising out of Shamblin's construction of the residence of Richard Stanaland. Owners is currently defending Shamblin under a reservation of rights while pursuing this declaratory action.

Florida Farm argues that this Court should stay or abate this case because it has broad discretion to do so and the Court should consider the principles of fairness and judicial economy to prevent multiple proceedings. However, Owners is entitled to a determination of its rights and obligations to Shamblin for the underlying complaint. *See Progressive Exp. Ins. Co. v. Reed*, 971 So. 2d 176, 178 (Fla. 5th DCA 2007) ("abatement of the declaratory judgment action is a departure from the essential requirements of law in that it puts [the insurer] in the illogical and unfair position of having to provide a defense when the coverage issue is still very much an open question.") *See also FCCI Commercial Ins. Co., Inc. v. Armour*, 132 So. 3d 864 (Fla. 2d DCA 2014) (holding that trial court departed from the essential requirements of law by staying the declaratory judgment action pending resolution of the underlying lawsuit and arbitration proceeding.)

Shamblin has not retained counsel or filed an appropriate responsive pleading.[1] This Court denied Owners' Motion for Default Final Judgment against Shamblin without prejudice to prevent inconsistent rulings between the two Defendants. Nonetheless, the Court can still make a determination of Owners' duty to defend upon an appropriate motion. The coverage issue is an open question that the Court can resolve based solely on

---

[1] Ken Shamblin filed a written response to the complaint as a "representative" of the corporation. The Court struck the pleading pursuant to Local Rule 2.03(e) and provided Shamblin thirty days to retain counsel and file an appropriate pleading. (Dkt. #12)

2

the allegations in the underlying complaint. See *Composite Structures, Inc. v. Cont'l Ins. Co.*, 903 F. Supp. 2d 1284, 1288 (M.D. Fla. 2012) *aff'd*, 12-15866, 2014 WL 1069253 (11th Cir. 2014) ("an insurer's obligation to defend is determined solely by the claimant's complaint if suit has been filed.") (Citing *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 10 (Fla. 2004)). Therefore, a stay of the action is inappropriate at this time and the Court will deny the Motion.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Florida Farm Bureau Casualty Insurance Company as Subrogee of Richard Stanaland's Motion to Stay and/or Abate Pending Resolution of the Underlying Tort Action and Incorporated Memorandum of Law (Dkt. #18) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of May, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-1929 stay 18.docx